STEPTOE, JUDGE:
O. J. Trucking Company, Inc., hereinafter referred to as O. J. Trucking, brought this action to recover monies expended to replace a trailer and repair a tractor damaged in an incident which occurred on October 27,1992, on Erbacon Road also known as Secondary Route 6 in Webster County. O. J. Trucking alleges that respondent failed properly to maintain the berm adjacent to the road immediately prior to a one-lane bridge on Erbacon Road. As a result of the failure to maintain the berm in a stable condition, O. J. Trucking incurred a loss in the amount of $20,147.92.
The evidence adduced at the hearing on May 28, 1993, established that James J. Hughart, an employee of O. J. Trucking, was operating a tractor-trailer hauling coal from the Tammie Lynn coal mines on Tioga Road in Nicholas County, northward to the Juliana Tipple in Webster County. The route to the tipple required travel on the Erbacon Road in Webster County. There was a one-lane bridge on the road which was too narrow for two trucks to pass over at the same time. Mr. Hughart observed a southbound lumber truck approaching the bridge and slowed his own vehicle, and then he saw an automobile behind the truck also proceeding over the bridge whereupon he drove his rig onto the berm to avoid a collision. The tractor-trailer then tipped over into the creek when the berm gave way beneath the weight of the rig with resultant damages to claimant’s tractor and trailer.
Respondent contends that the proximate cause of the accident was the weight of the rig which was over the legal weight limit of 65,000 pounds for Erbacon Road. This act constitutes negligence as it is a violation of West Virginia law. Likewise, respondent contends that the weight tolerance for the berm adjacent to Erbacon Road is 65,000 pounds.
The evidence established the following facts and conclusions of law:
1. Erbacon Road is a road maintenance by the Division of Highways and is heavily traveled by coal and lumber trucks.
2. The bridge in question is a one-lane bridge and two trucks could not pass each other on the bridge at the same time.
3. The pavement of Erbacon Road at the approach to bridge narrows from 18 feet to 15 feet.
4. Both truck drivers attempted to inform each other as to which truck was approaching the bridge so that one truck could safely stop to allow the other track the right of way over the bridge.
*21 5. The southbound lumber truck reached the bridge first and crossed the bridge safely; however, an automobile following that truck also crossed the bridge forcing Mr. Hughart to stop his coal truck at the approach to the bridge where the pavement narrowed. He drove the coal truck onto the berm which gave way under the right rear tire of the trailer whereupon the rear end of the trailer slid into the creek causing the tractor to slide over the berm also. The coal spilled into the creek and all weigh slips for this date were lost.
6. Documentation submitted by the parties established that the coal trucks operated by O. J. Trucking were more often overweight than in compliance with the statutory 65,000 pound weight limit for Erbacon Road.
7. Although the weight of the coal truck being operated by Mr. Hughart at the time of the accident herein is not known and cannot be established by either party, the testimony of both Mr. Hughart and the general manager who is also one of the owners of O. J. Trucking, Orvid Johnson, substantiates the fact that many of its coal trucks were operated and driven over the roads of this State at weights over the statutory limit of65,000 pounds, and Mr. Johnson was aware of this circumstance.
Conclusions of Law
1. West Virginia Code § 17C-17-9 provides that a gross weight of 65,000 pounds is the legal weight limit upon roads such as the Erbacon Road in Webster County.
2. The general manager of O. J. Trucking was aware of the weight limit statute, and the company was in breach of the law when it permitted its trucks to haul coal with a gross weight over 65,000 pounds.
3. Breach of the law is negligence per se. See Salerno Brothers, Inc. vs. Div. of Highways, Claim No. CC-89-305, issued April 2, 1992.
4. When O. J. Trucking chose to permit coal trucks to be driven over Erbacon Road at gross weights over 65,000 pounds, with full knowledge that these same trucks would necessarily need to use the berm of the roads, it also assumed the risk that problems could occur.
5. On the date of the accident, the Division of Highways had no notice that there were any potential defects in the berm area at the approach to the one-lane bridge or that the berm would collapse.
6. O. J. Trucking has failed to establish negligence on the part of the Division of Highways by a preponderance of the evidence.
7. As the Court has determined that the Division of Highways was not negligent *22 in its maintenance of the berm on the Erbacon Road, this claim must be denied.
In accordance with the findings of fact and conclusions of law as stated by the Court herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.
Judge Webb did not participate in the hearing or the decision of this claim.